OPINION OF THE COURT
Paul L. Klein, J.
This motion requires determination of a question of first impression; Is retroactive effect to be given the new Code of Rent Stabilization Association of the City of New York, Inc. which took effect on May 1, 1987?
The significance of this question to the case at bar stems from the fact that the petitioner sent a "Golub Notice” to the respondent (refusal to renew because the targeted apartment is allegedly not the prime residence of tenant) by telegram. The code in effect at that time required notice by mail, but the new code permits delivery of a written notice by other means.
The new code does not, by its terms, purport to operate *599 retroactively. If, however, a provision is clearly designed to cure a recognized evil, retroactivity may inhere. (McKinney’s Cons Laws of NY, Book 1, Statutes § 54.)
I find that the new code does not fall within the category of situations which call for retroactivity and that the old code, therefore, applies.
I find, also, that a telegram does not meet the mailing requirements of the old code.
It is possible that satisfactory proof of delivery better than mailing might suffice, but such is not the case at hand where we have third- or fourth-hand evidence that someone delivered a telegram to someone at a nonauthorized out-of-town business address and suspiciously less than even that degree of proof with respect to delivery at the targeted apartment.
The lease, itself, provides that notices may be served in a variety of ways, but this offers no warmth for petitioner’s cold bed, since both the old and new codes bar waiver of their protective provisions.
The petition must be dismissed.